## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS
## BENTON DIVISION

| | |
|---|---|
| FOREMOST INSURANCE COMPANY ) <br> GRAND RAPIDS, MICHIGAN ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KENNETH KELLERMAN and ) <br> CLARISSA BUECHER ) <br> ) <br> Defendants. ) | No.: |

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, by and through its attorneys, Johnson & Bell, Ltd., and for its Complaint for Declaratory Judgment against the Defendants, KENNETH KELLERMAN and CLARISSA BUECHER alleges the following:

### THE PARTIES

1. Foremost Insurance Company Grand Rapids, Michigan ("Foremost Insurance") is a Michigan Company with its principal place of business in Caledonia, Michigan and is duly authorized to transact business in the State of Illinois.

2. At all relevant times hereto, Defendant Kenneth Kellerman was an individual residing and domiciled at 4832 State Route 13, Pinckneyville, Illinois.

3. At all relevant times hereto, Defendant Clarissa Buecher was an individual residing and domiciled in the State of Illinois.

## JURISDICTION AND VENUE

4. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy, without interest and costs, exceeds $75,000.

5. Venue is proper in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1391, as Kenneth Kellerman and Clarissa Buecher are residents in this district.

## NATURE OF THE ACTION

6. This declaratory action is brought pursuant to 28 U.S.C. § 2201, and involves the respective rights and duties between the parties with regard to a policy of insurance that Foremost Insurance issued to Kenneth Kellerman.

7. In this action, Foremost Insurance seeks a declaration that it owes no duty to defend or indemnify Kenneth Kellerman in relation to a lawsuit filed against him in the Twentieth Judicial Circuit, Perry County, Illinois, by Clarissa Buecher.

## THE UNDERLYING LAWSUIT

8. On July 28, 2020, Clarissa Buecher filed a negligence action against Kenneth Kellerman, in Perry County, Illinois, Case No. 2020-L-8 (the "Underlying Lawsuit"). *A copy of the Underlying Lawsuit is attached hereto as Exhibit A.*

9. The Underlying Lawsuit alleges that on June 7, 2020, Kenneth Kellerman owned a Can-Am "off-highway vehicle".

10. The Underlying Lawsuit alleges Kenneth Kellerman was operating the Can-Am in Pinckneyville, Illinois.

11. The Underlying Lawsuit alleges that at all relevant times Clarissa Buecher was a passenger on the Can-Am.

12. The Underlying Lawsuit alleges Kenneth Kellerman was driving the Can-Am down a steep hill when it flipped repeatedly causing injuries to Clarissa Buecher (the "Incident").

13. The Underlying Lawsuit alleges that Clarissa Buecher sustained severe physical injuries. Clarissa Buecher claims past and future pain and suffering, loss of enjoyment of life, past and future medical bills, and lost wages. As a result, Clarissa Buecher requests judgment of damages in an amount in excess of $50,000.

14. At the time of the Incident, Kenneth Kellerman was the owner of the 2016 Can-Am Maverick.

15. The 2016 Can-Am Maverick is an off-road recreational vehicle.

16. At the time of the Incident, Kenneth Kellerman was driving the 2016 Can-Am Maverick.

17. At the time of the Incident, Kenneth Kellerman was driving his 2016 Can-Am Maverick at or near 2431 Oakridge Road in Coulterville, Illinois.

18. Kenneth Kellerman did not own or rent the land on which the Incident occurred.

19. At the time of the Incident, neither a one-family or two-family dwelling was being built for Kenneth Kellerman's use on the land where the Incident occurred.

20. At the time of the Incident, Kenneth Kellerman was not living on the property where the Incident occurred.

21. The Incident did not take place on Kenneth Kellerman's cemetery plot or burial vault.

22. The Incident did not take place on Kenneth Kellerman's premises located at 4832 State Route 13, Pinckneyville, Illinois.

23. As of the date of the Incident, Kenneth Kellerman did not use the 2016 Can-Am Maverick exclusively on his premises located at 4832 State Route 13, Pinckneyville, Illinois.

24. At the time of the Incident, the 2016 Can-Am Maverick was not in storage.

25. At the time of the Incident, the 2016 Can-Am Maverick was not being used to maintain Kenneth Kellerman's property located at 4832 State Route 13, Pinckneyville, Illinois.

26. The 2016 Can-Am Maverick is not a golf cart.

27. At the time of the Incident, the 2016 Can-Am Maverick was not being used on a golf course for golfing purposes.

28. The 2016 Can-Am Maverick was not designed for the specific purpose of assisting a handicapped person.

## **FOREMOST INSURANCE POLICY**

29. Foremost Insurance issued to Kenneth Kellerman a Homeowners Policy, Policy No. 381-0091065896-05 which provided homeowner's coverage, effective from October 29, 2019 to October 29, 2020. *A copy of the Homeowners Policy is attached hereto as Exhibit B.*

30. The Homeowners Policy contains the following provision:

**SECTION II**

**Coverage F – Personal Liability**
If a claim is made or a suit is brought against you for damages because of **bodily injury** or **property damage,** caused by an accident that occurs during the Policy Period shown on the Declarations Page to which this coverage applies, we will:

1. Pay up to the Limit of Liability shown on the Declarations Page for the compensatory damages for which you are legally liable.
2. Provide a defense at our expense by attorneys of our choice.

31. The Homeowners Policy contains the following provision:

   **SECTION II – Exclusions**

   **Coverage F – Personal Liability**
   We will not pay for **bodily injury** or **property damage:**
   …

   8. Arising out of the ownership, operation, maintenance, use, loading, or unloading of:
   …
      b. A **motor vehicle,** entirely or partially owned or operated by, or rented or loaned to, any of you. This exclusion does not apply if the **motor vehicle** is not subject to motor vehicle registration and is:

        (1) Used exclusively on your **premises;**
        (2) Kept in dead storage on your **premises;**
        (3) On your **premises** and being used to maintain your property;
        (4) A golf cart while on a golf course and being used for golfing purposes; or
        (5) Designed specifically for assisting the handicapped.

32. The Homeowners Policy contains the following definition of a motor vehicle:

   **Motor vehicle** means any of the following whether operable or not:
      …
      3. **Recreational land motor vehicles**
      …

33. The Homeowners Policy contains the following definition of a recreational land motor vehicle:

   **Recreational land motor vehicle** means any motorized land or amphibious vehicle or conveyance, including, but not limited to:

      1. All-terrain vehicles;
      2. Off-road vehicles;

34. The Homeowners Policy contains the following definition of Premises:

   **Premises** means:

   1. The dwelling that is described on the Declarations Page where you reside on the inception date of the Policy Period;
   2. The other structures including sidewalks, driveways, or other private approaches that serve that dwelling; and
   3. The grounds where that dwelling is located.

> For purposes of SECTION II, **premises** also means:
>
> 1. **Vacant land,** other than farm land, owned by or rented to any of you;
> 2. Land on which a one-family or two family dwelling is being built for your personal use;
> 3. Premises not owned by you but in which you live temporarily;
> 4. Your cemetery plots and burial vaults;
> 5. Any part of a premises occasionally rented to you for other than **business** use, but only during the time it is rented to you; and
> 6. Land you own immediately adjoining your **premises,** provided any structures on that land are not used as a dwelling or for **business.** Land you own separated from your **premises** by only a road or easement will be considered adjoining.

35. The address of the dwelling set out in the Declaration Page of the Homeowners Policy issued to Kenneth Kellerman is 4832 State Route 13, Pinckneyville, Illinois 62274-4137.

## COUNT I
## DECLARATORY JUDGMENT

36. Foremost Insurance incorporates by reference Paragraphs 1 through 35 as its Paragraph 36 as though fully set forth herein.

37. The Underlying Lawsuit seeks damages from Kenneth Kellerman as a result of the Incident involving his operation of a 2016 Can-Am Maverick, which is a recreational off-road vehicle.

38. The Incident did not occur on the insured premises of Kenneth Kellerman located at 4832 State Route 13, Pinckneyville, Illinois.

39. Kenneth Kellerman did not own or rent the land where the Incident occurred; was not in the process of have a dwelling built for his personal use on the land where the Incident occurred; was not living on the land where the Incident occurred; and the land where the Incident occurred was not Kenneth Kellerman's cemetery plot of burial vault.

40. The 2016 Can-Am Maverick was not used exclusively on Kenneth Kellerman's premises; was not being kept in dead storage; was not being used to maintain his property; is not

a golf cart that was being used on a golf course for golfing purposes; and was not designed for the specific purpose of assisting the handicapped.

41. Section II, Exclusion 8 of the Homeowners Policy, excludes coverage for bodily injury arising out of the use or ownership of a motor vehicle, including an off-road vehicle.

42. None of the exceptions to Exclusion 8 of the Homeowners Policy are applicable.

43. Because none of the exceptions to Exclusion 8 of the Homeowners Policy are applicable, no coverage is available to Kenneth Kellerman under the Homeowners Policy.

44. Upon information and belief, Kenneth Kellerman and Clarissa Buecher dispute whether Kenneth Kellerman is entitled to coverage under the Homeowners Policy for the Underlying Lawsuit, and therefore there is an actual controversy between the parties with regard to Foremost Insurance's obligations, if any, under the Homeowners Policy.

WHEREFORE, the Plaintiff, FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN requests that this Honorable Court enter judgment finding and declaring the rights of the parties as follows:

a. No coverage is available under the Homeowners Policy for Kenneth Kellerman in the Underlying Lawsuit.

b. Foremost Insurance has no duty to defend Kenneth Kellerman in the Underlying Lawsuit.

c. Foremost Insurance has no duty to indemnify Kenneth Kellerman in the Underlying Lawsuit.

d. For any and all other relief this court deems just and proper.

|  | Respectfully submitted, |
|---|---|
| Dated: December 7, 2020 | s/ Steven M. Shear |

Steven M. Shear – ARDC No. 6275905
shears@jbltd.com
Glenn F. Fencl – ARDC No. 3126086
fenclg@jbltd.com
Johnson & Bell, Ltd.
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
(312) 984-6688 (Fencl)
(312) 984-0207 (Shear)
*Attorneys for Plaintiff*
*Foremost Insurance Company*
*Grand Rapids, Michigan*